William A. Davol, et al.⎱
　　　vs.　　　⎰ Eq. No. 5598
Edgar McCrillis, Ex'r.⎰

October 6, 1927.

BAKER, J. Heard on exceptions to master's report.

In this case the master filed a carefully considered and comprehensive report in which he found that the complainants were entitled to the relief prayed for in their bill.

It appears that the respondent's father held two mortgages upon the complainant's property. He also made certain payments and expended money in repairing and placing the complainant's property in livable condition. After his death the respondent presented to the complainants an account aggregating something over $6,000, including the mortgages in question with interest, and also began to foreclose the first mortgage.

The complainants contend that they had an understanding with the respondent's father that the said mortgages were to be taken care of by payments of $30 per month and that no interest was to be charged owing to the close and friendly relations then existing between the parties, and that they, the complainants, did make a considerable number of said payments of $30. Further, they contend it was the understanding of the parties that in view of the fact that the complainant, William A. Davol, had interests in certain real estate in the towns of Tiverton and Little Compton, such interests were to be converted into money, through the sale of the properties in question, by the respondent's father and whatever funds were so received were to be credited to the account of the mortgages, and that substantial funds were so received during his lifetime by the respondent's father.

In regard to the matter of the repairs on the property, the complainants say that the respondent's father agreed to make such repairs in consideration for the return of two certain house lots on Pleasant Valley Parkway which had previously been given to the complainants and that in pursuance of said arrangement said lots were reconveyed to the respondent's father.

To the report the respondent has filed seventeen exceptions which deal chiefly with the testimony presented to the master and the weight and credibility thereof.

It seems to the Court that the findings of the master in the first instance are entitled to considerable weight because he has had the benefit of seeing and hearing the witnesses.

The Court has examined the evidence presented and, after giving it careful consideration, has come to the conclusion that the weight of the evidence fully supports the master's findings and that substantial justice has been done.

The testimony shows beyond any question a very close and friendly relationship existed between the complainants and the respondent's father. Under these circumstnces the transactions as described by the complainants and their witnesses seem most probable. The Court is satisfied that the complainant, Mrs. Davol, received a deed or deeds of some kind of two lots on the Pleasant Valley Parkway from the respondent's father, and that said lots were later returned to the respondent's testator in consideration for the repairs made on the complainants' property on Andem Street.

It is worthy of note that in the inventory and appraisal of the estate of the respondent's father no claim of any

kind against the complainants was made. Further, it appears clearly that on the books of the respondent's testator there was nothing listed against the complainants by name and that during his lifetime the respondent's father never made any demand upon the complainants for payment of interest on the mortgages or for sums growing out of the repairs on the Andem Street property. It is true, of course, that the respondent's testator had a book account listed to the Andem Street property covering repairs and certain other payments. This, it seems to the Court, is not necessarily inconsistent with the understanding which the complainants urge existed between the parties, as it is very possible that Mr. McCrillis may well have carried this account for his own convenience and information without ever intending to urge it or press it against the complainants, as his own conduct would seem to show.

Further, it is apparently undisputed from the evidence that respondent's father received considerable sums from the sale of the interest of the complainant, William A. Davol, in the Tiverton and Little Compton properties. No accounting was ever had between the parties, but taking into consideration the values of this interest, together with the amount of the $30 per month payments made by the complainants and the credit of $250, being one-half of the sum received for furniture belonging to the Estate of Susan B. Davol, and the sum of $925.69 which it is admitted Mr. McCrillis received from the complainants, it seems very clear that before his death the respondent's testator received funds more than enough to cover the two mortgages involved in this case.

Finally, it is evident that the master gave considerable weight, and Court thinks properly, to the testimony of the complainant, William A. Davol, which was given by deposition in anticipation of death.

The respondent urges that the testimony given in regard to the monthly payments of $30 and to the fact that no interest was to be charged should be disregarded as varying the terms of the written instruments, to wit, the mortgages in question.

It should be noted that the mortgage notes themselves, upon which the claims depend, were not produced. Assuming such notes exist, it appears to the Court that the testimony given by the complainants in this connection, which apparently was received without objection and part of which was brought out on cross-examination by the respondent himself, can properly be received in determining the merits of the bill in equity before the Court. Considering the relationship of the parties as disclosed by the testimony and in view of the fact that such testimony bore upon the consideration for the mortgages in question and their manner of payment and related to a distinct oral agreement, the Court is of the opinion that such testimony should not be disregarded entirely.

The exceptions to the report of the master are therefore overruled and the report is confirmed.

For complainants: A. S. and A. P. Johnson.

For respondent: Wm. H. McSoley and N. W. Littlefield.